**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4497**

UNITED STATES OF AMERICA,

 Plaintiff - Appellee,

 v.

SHAWN AKIEM ANDERSON,

 Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley. David A. Faber, Senior District Judge. (5:18-cr-00014-1)

Submitted: May 28, 2019                                    Decided: June 12, 2019

Before WYNN, FLOYD, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Cathryn R. Armistead, ARMISTEAD LAW GROUP, PLLC, Nashville, Tennessee, for Appellant. Michael B. Stuart, United States Attorney, Charleston, West Virginia, Timothy D. Boggess, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Beckley, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shawn Akiem Anderson appeals the sentence imposed following his guilty plea to conspiracy to distribute, and to possess with intent to distribute, less than 50 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2012). On appeal, Anderson claims the Government breached his plea agreement by objecting to the Presentence Report and arguing that Anderson's offense level should reflect relevant conduct that included the distribution of one kilogram of heroin. For the reasons stated herein, we affirm.

Anderson and the Government entered into a plea agreement that included a stipulation of facts concerning Anderson's conduct, which stated, in relevant part: "[D]efendant distributed or possessed with intent to distribute [ ] 44 kilograms of marijuana, and discussed distributing quantities of cocaine and heroin." However, this stipulation concluded by stating: "This [s]tipulation of [f]acts does not contain each and every fact known to [D]efendant and to the United States concerning his involvement and the involvement of others in the charges set forth in the [i]nformation." Further, a provision of the plea agreement reserved the Government's right to, among other things, "[i]nform the Probation Office and the [c]ourt of all relevant facts and conduct," to "[p]resent evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a) [(2012)]," and to "[c]orrect inaccuracies or inadequacies in the presentence report." Further, the plea agreement included a waiver of Anderson's right to appeal his conviction or sentence "on any ground whatsoever including any ground set forth in"

2

18 U.S.C. § 3742(a) (2012), except for his right to appeal a sentence that exceeded the maximum statutory penalty.*

After receiving the PSR, which relied only on the 44 kilograms of marijuana to calculate Anderson's recommended offense level and Sentencing Guidelines range—18 to 24 months' imprisonment—the Government objected and sought the inclusion of 1 kilogram of heroin as relevant conduct and an increase to Anderson's offense level calculation. The probation officer agreed with the Government's position and provided a new Guidelines range calculation—87 to 108 months' imprisonment. Anderson objected to this change.

At sentencing, the district court concluded that there was adequate evidence to support the assertion that Anderson distributed one kilogram of heroin. Given the increase in the Guidelines range, the district court offered Anderson the opportunity to file a motion to withdraw his guilty plea. Anderson declined, and the district court accepted Anderson's guilty plea and the plea agreement. The district court then sentenced Anderson to 108 months' imprisonment and 4 years' supervised release, and Anderson timely noted this appeal.

Anderson concedes that we must review his claim for plain error. To prevail on plain error review, Anderson must show not only that the Government plainly breached

---

* The Government filed a motion to dismiss based on the appeal waiver. We denied that motion because a claim that the Government has breached the plea agreement is outside of the scope of an appeal waiver. *See United States v. Dawson*, 587 F.3d 640, 644 n.4 (4th Cir. 2009) ("A defendant's waiver of appellate rights cannot foreclose an argument that the government breached its obligations under the plea agreement.").

the plea agreement, but also that he was prejudiced by the error and that "the breach was so obvious and substantial that failure to notice and correct it affected the fairness, integrity or public reputation of the judicial proceedings." *United States v. McQueen*, 108 F.3d 64, 66 (4th Cir. 1997) (alterations and internal quotations marks omitted).

Anderson encourages us to reach the same result in this case as in *United States v. Edgell*, 914 F.3d 281 (4th Cir. 2019). But this case is not *Edgell*, and the plea agreements are different. In *Edgell*, "the government agreed to a stipulation limiting Edgell's total drug conduct to less than five (5) grams of substances containing a detectable amount of methamphetamine." *Edgell*, 914 F.3d at 285 (internal quotation marks omitted). Under the stipulation set out in the plea agreement, Edgell's sentencing range would have been 10 to 16 months' imprisonment. *Id.* However, the government then received the results of a laboratory analysis showing the substance was actual methamphetamine, not merely a substance containing methamphetamine. *Id.* at 286. The government passed this information to the probation office, which incorporated it into the PSR and calculated Edgell's sentencing range to be 30 to 37 months' imprisonment. *Id.* The government then proceeded to advocate for a sentence within that new Guidelines range. *Id.* We held that the government had an obligation under the plea agreement to advocate for the acceptance of the plea agreement and the stipulated drug conduct limitation, yet it undermined that agreement by explicitly requesting a sentence that was not consistent with its stipulation. *Id.*

Here, Anderson's plea agreement merely stated that the parties "stipulate and agree that the facts comprising the offense of conviction and relevant conduct include the

4

facts outlined in the '[s]tipulation of [f]acts.'" The plea agreement does not state that the offense of conviction and relevant conduct are *limited* to those facts outlined in the stipulation. Therefore, unlike the plea agreement in *Edgell*, the Government did not agree with Anderson that his total drug conduct was limited to the drug quantity calculation set forth in the stipulation. As written, the Government did not breach its plea agreement with Anderson and he has not carried his burden to show that the district court erred, let alone plainly erred, in not concluding that the Government breached the plea agreement.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*

5